148 So. 177

## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. COTTON.

### 4 Div. 928.

Court of Appeals of Alabama.
May 9, 1933.

Huey & Huey, of Enterprise, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

BRICKEN, Presiding Judge.

This action was a suit by appellee against appellant for the recovery of certain disability benefits under a policy of life insurance issued by the appellant to appellee on No-

vember 2, 1920. This particular feature of the policy is as follows: "Permanent total disability benefit. Should the insured, before attaining the age of sixty years, become permanently totally disabled, as hereinafter defined, while this policy is in full force and effect and no premium is in default, the company agrees to waive the payment of all premiums thereafter becoming due under the conditions of the policy and to pay to the insured a monthly income of ten dollars for each thousand dollars of the face amount of this policy."

No objection by demurrer or otherwise was interposed to the complaint. The defendant company pleaded the general issue.

The controlling question in the case is whether or not, under the evidence, the plaintiff Cotton is totally and permanently disabled, as contemplated by law, and within the terms of said policy. The jury found this issue in favor of plaintiff and returned a verdict for the amount sued for, plus interest, and judgment was accordingly entered by the court. The affirmative charge was refused to defendant, and its motion for a new trial was also overruled.

The evidence disclosed without dispute that the plaintiff was a tenant farmer at the time the policy was issued, and that that was his only mode of livelihood. That on June 19, 1921, several months subsequent to the issuance of the policy, he received an accident to his knee which resulted in his permanent injury to the extent that he was unable thereafter to use his leg or foot. The plaintiff testified and offered other evidence tending to show that as a result of said accident he is permanently and totally disabled; that he was forced to constantly use crutches, sometimes one crutch and at other times two. Plaintiff testified he made every possible effort to get his injury cured, as far as he was able, and to this end went to a hospital in Dothan, where he was advised by the surgeon in charge that nothing could be done to relieve him except to sever his leg at the hip joint, but he would not consent to have his whole leg amputated. The plaintiff offered evidence which tended to show that, as a result of the injury aforesaid, he was rendered permanently totally disabled to do farm work, or to engage in any work, occupation, or profession to earn or obtain wages, compensation, or profit. Also that he was uneducated, and that the injury has affected practically his whole body, etc. In contravention of the foregoing, the defendant company offered evidence which tended to show that appellee supervised his children in selling peanuts and cane juice. The only witness for defendant testified that he was in the employment of the defendant company and resided in Atlanta, Ga.; that he, in company with one Buddington, also connected with said company and residing in the state of California, talked with appellee in Samson, where plaintiff lived, and that he (plaintiff) told witness "that he could not live on $10.00 per month and would have to do something else. That appellee said he was working around the garage, driving a taxi cab, and selling liquor. Also that he had been selling cane juice." Appellee denied making the foregoing statement to this witness.

As stated, this case involves a question of fact. This is generally true in cases of this character. New York Life Ins. Co. v. McLean, 218 Ala. 401, 118 So. 753.

The trial judge delivered a clear and able charge to the jury, and, in addition thereto, gave several special charges requested by defendant. The court's charge was in line with recent decisions and the weight of authority in supporting the liberal rule that the "total disability" contemplated by an accident policy, or a life insurance policy containing a disability clause, does not mean, as its literal construction would require, a state of absolute helplessness; but the total disability contemplated means inability to do all the substantial and material acts necessary to the prosecution of the insured's business or occupation, in his customary and usual manner. Metropolitan Life Ins. Co. v. Blue, 222 Ala. 665, 133 So. 707, 79 A. L. R. 852.

The affirmative charge requested by defendant was properly refused. We discover no error in the refusal of the written charges requested by defendant, nor in overruling defendant's motion for a new trial. No error appearing, the judgment of the circuit court from which this appeal was taken is affirmed.

Affirmed.